**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION
CASE NO.**

| | | |
|---|---|---|
| Jimmy L. Rouse | ) | |
| | ) | 1:23-cv-01971-SAL |
|        Plaintiff, | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | |
| United States Department of Labor, | ) | |
| | ) | |
|        Defendant. | ) | |
| | ) | |

The Plaintiff, complaining of Defendant above named, would allege and show unto this Honorable Court as follows:

This case arises out of Plaintiff's claim for benefits under Part E of the Energy Employees' Occupational Illness Compensation Program Act (EEOICPA) (hereinafter, "the Act"). On October 8, 2021, the Plaintiff, Jimmy Rouse (hereinafter, "Mr. Rouse or Plaintiff") filed a claim for benefits and compensation under Part E of the Act for occupation related obstructive lung disease (OLD), due to his employment at the Savannah River Site (SRS), a covered Department of Energy (DOE) facility under the Act. By Final Decision, dated March 27, 2023, the Department of Labor (DOL) arbitrarily and capriciously denied Mr. Rouse benefits under Part E of the Act for his occupational lung disease. This claim is before this Honorable Court after Mr. Rouse has properly exhausted all available administrative remedies under the Act. This Court has original jurisdiction in this matter and venue is proper in this Court as a substantial part of the events and omissions giving rise to this claim occurred in Aiken County, South Carolina, as Mr. Rouse's claim concerns his employment in Aiken, South Carolina.

1

**The Decision of the Department of Labor to Deny Mr. Rouse's Claim for Medical Benefits and Compensation under Part E of the Act was Arbitrary, Capricious, Clearly Erroneous, and Otherwise not in Accordance with the Law**

1. Mr. Rouse was employed at the Savannah River Site (SRS), a covered DOE facility in Aiken, South Carolina, intermittently as a construction carpenter between September 14, 2009, to February 15, 2016, for approximately four years.

2. Throughout his employment, Mr. Rouse was exposed to various types of toxic substances, including airborne particulates, dusts, fumes, and ionizing radiation.

3. Mr. Rouse was diagnosed with obstructive lung disease (OLD) on or about July 17, 2015, for which he ultimately filed a claim with the Department of Labor, which administers the EEOICPA workers' compensation program, on October 8, 2021.

4. After submitting evidence of his diagnosis of OLD and a report from a physician relating his condition to his workplace exposures to toxic substances at SRS, the Department of Energy Employees Occupational Illness Compensation (DEEOIC) District Office requested their own opinion from a Contract Medical Consultant (CMC), without first attempting to seek additional information from the physician or physicians that examined or treated Mr. Rouse.

5. In his opinion, the CMC concluded that because CT and X-ray results did not reveal the presence of asbestosis or silicosis and opined that it was not at least as likely as not that Mr. Rouse's workplace exposures were a significant factor in aggravating, contributing to or causing COPD or OLD.

6. After reviewing the evidence, the District Office issued a decision on January 19, 2022, recommending denial of Mr. Rouse's claim.

7. In response, Mr. Rouse objected to the Recommended Decision and submitted additional evidence including an opinion from Stella E. Hines, MD, who opined that it was at least as likely

as not "that exposures to asbestos, silica and dust/fumes/gases/vapors" during his work as a carpenter at the Savannah River Site DOE facility aggravated, contributed to, or caused his OLD.

8.  Despite this opinion from Dr. Hines, the Final Adjudication Branch of the DEEOIC denied Mr. Rouse's claim by Final Decision dated April 29, 2022, stating that the opinion of the CMC contracted by DEEOIC had more probative value than Dr. Hines' opinion, and that Mr. Rouse failed to meet his burden of proving his claim under Part E of the Act.

9.  Mr. Rouse timely filed a reconsideration request, and submitted new evidence in the form of a well-rationalized opinion from Marianne Cloeren, MD, who opined that it was at least as likely as not that Mr. Rouse's workplace exposures to toxic substances was a significant factor in contributing to, causing, or aggravating his OLD (also referred to as COPD), noting the relationship between Mr. Rouse's exposures and the development of COPD, and a significant increased risk in the likelihood of developing the disease among construction trades workers at DOE sites.

10. Based upon this new evidence, the Final Adjudication Branch of the DEEOIC vacated the April 29, 2022, decision, and remanded the claim to the District Office for further development.

11. Despite the thorough and well-rationalized opinion of Dr. Cloeren, meeting Mr. Rouse's burden of proof under the Act, the District Office informed Mr. Rouse by letter that Dr. Cloeren's opinion was deficient to meet his burden of proof and that despite discussing Mr. Rouse's exposures and their relationship to his occupational disease, Mr. Rouse was informed that Dr. Cloeren should provide some additional vague amount of detail about the mechanism of injury.

12. Due to Dr. Cloeren's unavailability, Mr. Rouse provided yet another thorough well-rationalized medical opinion from Sammy Almashat, M.D., a colleague of Dr. Cloeren's, who provided additional extensive detail regarding the exposure characterization, intensity of that

exposure, duration of exposure, routes of exposure, illustrating the mechanism of injury and the exposures relationship to Mr. Rouse's occupational illness.

13. Even though Mr. Rouse had overwhelmingly met his burden of proof, the District Office referred the cumulative evidence back to their DEEOIC's own CMC, to render yet another opinion unfavorable to Mr. Rouse.

14. Despite meeting his burden, the DEEOIC issued a Final Decision on March 27, 2023, denying his claim for benefits arbitrarily and capriciously.

15. The DEEOIC utterly disregarded the well-rationalized opinions of Dr. Cloeren and Dr. Almashat in adjudicating Mr. Rouse's claim.

16. Instead, DEEOIC denied Mr. Rouse's claim, relying exclusively on the opinion one CMC, who never examined or treated the claimant and whose opinion was not supported by competent scientific and medical literature, generally accepted by the scientific and medical communities, as the CMC made conclusions contrary to generally accepted science.[1]

17. Thus, in addition to arbitrarily and capriciously disregarding and discounting the well-rationalized opinions of Dr. Almashat and Dr. Cloeren, the DEEOIC was clearly erroneous in its Final Decision denying Mr. Rouse's claim for benefits, because that decision was entirely based upon a medical opinion that is not supported by medical literature.

---

[1] The CMC erroneously concludes in his opinion that because there is an absence of indications of asbestosis and silicosis, that it less likely than not that Mr. Rouse's exposures to those toxic substances were related to his development of OLD. As noted by Dr. Cloeren in her report, this conclusion is contrary to substantial medical literature cited in her report that supports that "epidemiological and pathological studies suggest that silica dust exposure can lead to COPD, even in the absence of radiological signs of silicosis, and that the association between cumulative silica dust exposure and airflow obstruction is independent of silicosis," and that "asbestos-induced lung function decline is often seen without asbestos-related findings in medical imaging."

18.     In its Final Decision, the DEEOIC also failed to meaningfully weigh the medical and other evidence presented to it, such that it failed to properly adjudicate Mr. Rouse's claim in accordance with the law, governing regulations, and their own internal procedures.

19.     For the foregoing reasons, the Final Decision of the Department is arbitrary and capricious, clearly erroneous, and otherwise not in accordance with the law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant the Plaintiff an Order requiring the Department of Labor to grant Mr. Rouse's claim for benefits under Part E of the Act, or in the alternative, an Order with Instructions for the Department of Labor to properly adjudicate Mr. Rouse's claim.

Respectfully Submitted,

LAW OFFICE OF DARRELL THOMAS JOHNSON, JR., L.L.C.

By: s/Joshua R. Fester
Darrell T. Johnson, Jr.—Fed ID#2190
Warren Paul Johnson—Fed ID# 9524
Joshua R. Fester – Fed ID# 12513
Attorneys for Plaintiff
Post Office Box 1125
Hardeeville, South Carolina 29927
(843) 784-2142
(843) 784-5770 (facsimile)
Tdjohnson1@johnsonslawoffice.com
wpj@johnsonslawoffice.com
jfester@johnsonslawoffice.com

Dated: May 11, 2023